UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SANTANDER BANK, N.A.,

                                Plaintiff,                            **REPORT AND**
                                                                    **RECOMMENDATION**

            -against-                                     CV 21-1022 (DRH)(AYS)

D'LOAIZA BUS TRANSPORTATION, INC.
d/b/a EL PASO BUS RIDE and MANUEL I
LOAIZA,

                              Defendants.
-------------------------------------------------------------------X

**ANNE Y. SHIELDS, United States Magistrate Judge:**

        Before the Court, on referral from the Honorable Denis R. Hurley for Report and

Recommendation, is the Plaintiff's motion for default judgment. (Docket Entry ("DE") [11].) By

way of a Complaint filed on February 25, 2021, Plaintiff, Santander Bank, N.A. ("Plaintiff" or

"Santander"), commenced this action against Defendants D'Loaiza Bus Transportation, Inc.,

doing business as El Paso Bus Ride (the "Corporate Defendant"), and Manuel Loaiza ("Loaiza")

(collectively, "Defendants"), seeking to recover on a commercial loan made the Corporate

Defendant, and guaranteed by Loaiza, that Defendants failed to repay. (Compl., DE [1].) On

October 29, 2021, Plaintiff filed the within motion for default judgment, (DE [11]), which Judge

Hurley referred to this Court for a recommendation as to whether the motion should be granted

and, if so, to determine the appropriate amount of damages, costs and fees, if any, to be awarded.

(Elec. Order of Hurley, J., dated October 29, 2021.) For the following reasons, this Court

respectfully recommends that Plaintiff's motion be granted and that Plaintiff be awarded

damages as set forth herein.

1

BACKGROUND

This is a diversity action to recover on an unpaid commercial loan. Plaintiff is a national banking association with its principal office located in Boston, Massachusetts. (Compl., DE [1], ¶ 3.) Plaintiff is a wholly-owned subsidiary of Santander Holdings USA, Inc. ("Santander Holdings"), a Virginia corporation principally located in Boston, Massacussetts. (Id.) Santander Holdings is a wholly-owned subsidiary of Banco Santander, S.A., a Madrid-based banking corporation. (Id.)

The Corporate Defendant is a corporation organized under the laws of Texas, with its principal place of business located at 12580 Sun Trail Drive, El Paso, Texas. (Id. ¶ 4.) Loiaza is a citizen of Texas. (Id. ¶ 5.)

On or about December 5, 2018, Santander extended a commercial loan (the "Loan") to the Corporate Defendant for the purpose of purchasing a certain 2017 Coach Buses Irizar 16 (the "Vehicle"). (Id. ¶ 8.) The Loan was secured by a Promissory Note and Security Agreement, dated December 5, 2018, in favor of Santander in the principal amount of $304,500.00 (the "Note"). (Id. ¶ 9.) The Note granted Santander a security interest in the Vehicle as collateral for the Loan. (Note, annexed to LaFont Decl. at Ex. A, DE [11-2], ¶ 2.)

The Loan required an initial payment by the Corporate Defendant, followed by eighty-four monthly payments in the amount of $4,719.00, consisting of both principal and interest, for a total amount due of $410,294.54. (Compl. ¶¶ 10, 12; Note.) In conjunction with the Loan, Loaiza executed a personal guraranty (the "Guaranty") for the Corporate Defendant's liability under the Loan. (Compl. ¶ 17; Guaranty, annexed to LaFont Decl. at Ex. A.)

Due to the COVID-19 pandemic, Santander granted the Corporate Defendant two ninety-day extensions to make the required monthly payments under the Loan between April and

September 2020. (Compl. ¶ 20.) In October 2020, Defendants defaulted on the Loan by failing to remit that monthly payment and all monthly payments due thereafter. (Id. ¶ 21.) To date, Defendants have failed to pay the balance due and owing under the Loan. (Id. ¶ 22.) Taking into account credits for payments made of $70,785.00, the total amount due and owing under the Loan is $339,509.54, plus late fees of $907.85, as well as interest, attorney's fees, and costs. (Id. ¶ 23.)

Santander commenced the within action against Defendants on February 25, 2021, alleging claims for breach of contract and unjust enrichment, and seeking an account stated and to foreclose on the security interest – the Vehicle offered as collateral under the Loan. Defendants failed to answer or otherwise appear in this action and the Clerk of the Court entered their default on July 16, 2021. (DE [10].)

On October 29, 2021, Santander filed the within motion for default judgment. (DE [11].) By its motion, Santander seeks to recover a total of $340,417.39 in damages, which includes $339,509.54 in unpaid principal on the Loan and $907.85 in late fees. (LaFont Decl., DE [11-1], ¶ 20.) Santander also seeks to foreclose upon and repossess the Vehicle. (Id. ¶¶ 21-25; Compl. ¶¶ 46-48.) Santander does not seek to recover any further interest and waives its right to collect attorney's fees. (LaFont Decl. ¶¶ 31-35.)

DISCUSSION

I.    Legal Standard

Motions for default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure, which provides for a two-step process. See Fed. R. Civ. P. 55; Priestley v. Headminder, Inc., 647 F.3d 497, 504-05 (2d. Cir. 2011). Initially, the moving party must obtain a

certificate of default from the Clerk of the Court. See Fed. R. Civ. P. 55(a). Once the certificate of default is issued, the moving party may apply for entry of a default judgment. See id.

Where a default occurs, the well-pleaded factual allegations set forth in the Complaint are deemed to be true. See Greyhound Exhibitgroup, Inc. v. E.L.U.L Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); see also Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."). However, "[i]t is well established that a party is not entitled to a default judgment as a matter of right; rather the entry of a default judgment is entrusted to the sound discretion of the court." Allstate Ins. Co. v. Howell, No. 09-cv-4660, 2013 WL 5447152, at *1 (E.D.N.Y. Sept. 30, 2013).

A plaintiff seeking a default judgment must demonstrate that its "uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012). In determining whether to grant a default judgment, the court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." Ferrara v. Tire Shop Ctr., No. 14-cv-4657, 2015 WL 3562624, at *2 (E.D.N.Y. Apr. 6, 2015). Accordingly, the district court must determine whether a plaintiff's allegations establish liability as a matter of law. See City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) ("[P]rior to entering default judgment, a district court is required to determine whether the [plaintiff's] allegations establish the [defendant's] liability as a matter of law.") (internal quotation omitted).

II.   Plaintiff is Entitled to a Default Judgment

Pursuant to New York law, a valid breach of contract cause of action "requires proof of (1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4)

4

damages." Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525 (2d Cir. 1994) (citation omitted). Here, the allegations in the Complaint, as well as the documentary evidence submitted in support of the within motion, establish that Santander entered into an agreement with Defendants for a commercial loan that Defendants would repay. Santander has further demonstrated that Defendants breached that agreement by failing to make the required payments, resulting in damages being incurred by Santander. Because Defendants failed to answer the Complaint or oppose the within motion, they have failed to rebut Santander's prima facie showing that it is entitled to a default judgment.

Accordingly, this Court respectfully recommends that Plaintiff's motion for default judgment be granted.

III.    Damages

Once liability is established, the court must ascertain damages with "reasonable certainty." Credit Lyonnais Sec. (USA) Inc. v. Alcantara, 183 F.3d 151, 155) (2d Cir. 1999). "While a party's default is deemed to constitute a concession of all well-pleaded allegations of liability, it is not considered an admission of damages." Greyhound, 973 F.2d at 158 (citations omitted). Rather, damages must be proven, usually "in an evidentiary hearing in which the defendant has an opportunity to contest the amount" claimed. Id. An evidentiary hearing is not required, however, if there is a basis, by detailed affidavits and other documentary evidence, for the damages awarded. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d. Cir. 1997); Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991). Plaintiff is "entitled to all reasonable inferences" from the evidence it offers. Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

5

Santander seeks a total of $340,417.39 in damages, which includes $339,509.54 in unpaid principal and $907.85 in late fees. Santander also seeks entry of a judgment of foreclosure, permitting it to foreclose upon and repossess the Vehicle underlying the Loan.  (DE [11-6].)

A.    The Outstanding Amount Due Under the Note

Santander seeks to recover a total of $340,417.39 for the outstanding amount due under the Note, which is comprised of: (1) $339,509.54 in unpaid principal and $907.85 in late fees.

Pursuant to the terms of the Note, Defendants promised to pay Santander a total of $410,294.54, which included principal and interest. (Compl. ¶ 10.) Santander has submitted documentation asserting that, at the time of Defendants' default on October 1, 2020, the Note had an unpaid principal balance of $339,509.54. (Compl. ¶ 23; LaFont Decl. ¶ 20.) Santander's allegations and documentation further establish that after Defendants' initial default, they did not make any further payments to reduce the outstanding principal balance. (Compl. ¶ 18; LaFont Decl. ¶ 18.)

Accordingly, this Court recommends that Santander be awarded $339,509.54 in unpaid principal due and owing under the Note.

B.    Late Fees

Santander also seeks a total of $907.85 in late fees. (Compl. ¶ 23; LaFont Decl. ¶ 20.) Pursuant to Section 8.2 of the Note, in the event Defendants failed to make an installment payment within ten days after its due date, they were required to pay a late fee of five percent of the unpaid installment. (Note ¶ 8.2) Accordingly, Santander is entitled to late fees in the amount of $907.85.

Based on the foregoing, this Court respectfully recommends that Santander be awarded its damages sought in the amount of $340,417.39.

IV.    <u>Judgment of Foreclosure</u>

Plaintiff further seeks a judgment of foreclosure for the Vehicle secured as collateral for the underlying Loan.  Having determined that Plaintiff has established its presumptive right to foreclose upon the Vehicle due to Defendants' default, this Court recommends granting Plaintiff a judgment of foreclosure permitting it to repossess the Vehicle.

<u>RECOMMENDATION</u>

For the foregoing reasons, this Court respectfully recommends that Plaintiff's motion for default judgment be granted and that Plaintiff be awarded damages as follows: (1) $339,509.54 in unpaid principal under the Note; and (2) $907.85 in late fees due and owing under the Note, for a total monetary award of $340,417.39. The Court further recommends that an Order similar to Plaintiff's proposed Judgement by Default for Sum Certain and Replevin (DE [11-6]), but consistent with the instant Report and Recommendation, be entered and that Plaintiff be permitted to foreclose upon and repossess the Vehicle secured as collateral for the underlying Loan herein.

<u>OBJECTIONS</u>

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court is directing Plaintiff's counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Defendants at their last known address(es) and to file proof of service on ECF by March 31, 2022.  Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a),

72(b).  Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.  Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

**SO ORDERED.**

Dated:  Central Islip, New York
         March 28, 2022

                                                              /s/ Anne Y. Shields
                                                              ANNE Y. SHIELDS
                                                              United States Magistrate Judge